IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Edward Stone,        )<br>            Plaintiff,     )<br>                          )<br>vs.                       )<br>                          )<br>Jon E. Ozmint, Director of )<br>South Carolina Dept. of   )<br>Corrections,              )<br>            Defendant.    )<br>_____) | C.A. No. 0:04-21860-23<br>**ORDER** |

This matter is before the court upon Plaintiff John Edward Stone's ("Stone") objections to the Magistrate Judge's recommendation that summary judgment be entered in favor of Defendant. The record contains a report and recommendations of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Stone has filed timely objections to the R&R.

## I. **BACKGROUND**

In this § 1983 action, Stone, an inmate serving a life sentence with the South Carolina Department of Corrections ("SCDC"), claims that Defendant John Ozmint violated his constitutional rights by failing to place him in protective custody during the duration of his incarceration. Apparently, Stone served as an informant on other inmates incarcerated with the SCDC, and consequently fears for his safety. Stone cites numerous occasions on which he informed various officers of the threats he faced, and complains that these officers, and ultimately Warden Ozmint, ignored his requests for protective custody. Stone seeks an order from the court granting him protective custody status, and an award of monetary damages.

As the R&R sets forth the facts at issue in the matter *sub judice* more thoroughly,

including each alleged incident in which Stone made requests to prison officials, the court incorporates those facts without further recitation.

## II. STANDARD OF REVIEW

### A. The Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Stone's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

### B. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

### III. OBJECTIONS

In his Objections, Stone largely rehashes arguments made to the Magistrate. Essentially, Stone continues to argue that he has presented sufficient evidence that other inmates have attempted to harm him, and that Warden Ozmint is responsible for ignoring his protective custody requests.[1] While the Magistrate thoroughly considered and rejected these claims, the court makes the following additional comments after a *de novo* review of Stone's objections.

First, as the Magistrate correctly reasoned, Stone's claim against Ozmint fails because Stone does not allege any specific wrongdoing by Defendant Ozmint. Stone does not allege that Ozmint participated in any decisions regarding his status in protective custody. Instead, Stone's theory of liability is that Ozmint is responsible for actions of other officers who Stone registered complaints with. As the Fourth Circuit and Supreme Court have noted on numerous occasions,

---

[1] Many of Stone's objections center on the veracity of his claims that he faces danger because of his status as a prison "snitch." This point is irrelevant, as the Magistrate and this court both assume that Stone does face danger as he claims. Even assuming Stone is in danger with certain other inmates, he cannot prevail on his claim for deliberate indifference against Defendant Ozmint as detailed below.

3

respondeat superior generally is inapplicable to § 1983 lawsuits. *See, e.g., Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Love- Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2002). To establish a viable claim for respondeat superior liability under § 1983, Stone must demonstrate: (1) actual or constructive knowledge of a risk of constitutional injury; (2) deliberate indifference to that risk; and (3) an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir.1999) (quoting *Shaw v. Stroud*, 13 F.3d 791 (4th Cir.1994)).

First and foremost, Stone has wholeheartedly failed to produce evidence that he suffered any actual constitutional injury as a result of being denied protective custody at certain points during his incarceration. Stone has presented no evidence, other than self-serving conclusory allegations, that he was ever harmed by the inmates he feared. This is likely because, as the Magistrate noted, "a fair reading of Plaintiff's allegations is that, every time Plaintiff complained about a potential danger to him, he was placed in lock-up or segregated from other inmates out of the general population." (R&R at 9).[2]

On the whole, Stone simply cannot demonstrate that, assuming Ozmint was aware of any risks Stone faced, Ozmint acted with deliberate indifference. Deliberate indifference in the context of a failure to protect claim means that the defendant "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

---

[2] In fact, the Vice Chair of the State Classification Board recommended statewide protective custody for Stone on November 18, 2004. (Kealey Aff., Ex. A). A transfer order was prepared on November 22, 2004. (Kealey Aff., Ex. B).

Apparently Stone remains in statewide protective custody at the present time. While this fact creates the possibility that Stone's claims here are moot, because his complaints do not rise to the level of a constitutional violation in any event, the court addresses the merits.

4

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837. Unless a prison official actually makes this inference, he does not act with deliberate indifference. *Rich v. Bruce,* 129 F.3d 336, 339-40 (4th Cir.1997). "Deliberate indifference is a very high standard - a showing of mere negligence will not meet it." *See Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). "Prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure "'reasonable safety.'" *Farmer*, 511 U.S. at 844. Declining to grant protective custody, without more, does not demonstrate deliberate indifference. *Lewis v. Richards,* 107 F.3d 549, 553 (7th Cir.1997); *Marsh v. Arn,* 937 F.2d 1056, 161 (6th Cir.1991). Here, it is clear that prison officials took appropriate actions to ensure Stone's reasonable safety, as Stone was moved from the general population into protective custody and segregation on numerous occasions. *See* R&R at 3-5; Kealey Aff, Ex. A (recommending permanent statewide protective custody for Stone on November 18, 2004). The fact that prison officials returned Stone to the general population at certain points does not rise to the level of deliberate indifference. *See, e.g., Brown v. Stone*, 86 Fed. Appx. 463, *1 (2d Cir. 2004) (holding that an inmate failed to show that prison officials acted with deliberate indifference to known substantial risk to his person when they released him into general prison population after receiving, 18 months earlier, anonymous note indicating that fellow inmate was going to stab him.);

The Supreme Court has noted the type of behavior that constitutes failure to protect sufficient to impose liability for deliberate indifference:

> Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. Having incarcerated persons with demonstrated proclivities for antisocial, criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.

*Id.* at 833 (internal quotations and citations omitted). In short, and as the Magistrate correctly reasoned, the behavior Stone complains of does not approach the type recognized by the Court as a cognizable claim for failure to protect even assuming Ozmint was aware of any risk of constitutional injury to Stone.[3] *See, e.g., Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir.1994) (per curiam) (affirming summary judgment in favor of defendants on failure-to-protect claim where inmate failed to demonstrate that prison officials acted with deliberate indifference by not placing him in protective custody based on general fear for his safety); *Blankenship v. Meachum*, 840 F.2d 741, 743 (10th Cir.1988) (holding that prison officials did not act with deliberate indifference in moving plaintiff from protective custody into the general prison population). Accordingly, the Magistrate correctly recommended that Defendant's motion for

---

[3] Additionally, Stone's claims could be dismissed for failure to exhaust administrative remedies. In his complaint, Stone admits that SCDC has an internal grievance procedure, but that he has not filed an administrative grievance. (Compl. ¶ II, C). This alone could provide a basis for dismissal. *See, e.g.* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . ., or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted.")*;see also Booth v. Churner*, 532 U.S. 731, 734, 739 (2001) (requiring exhaustion of Eighth Amendment claim for money damages despite the fact that money damages were not available under the state's administrative grievance scheme); *Veteto v. Miller,* 794 F.2d 98 (3d Cir. 1986) (when a prisoner seeks monetary and injunctive relief he must exhaust his administrative remedies through the prison grievance process; suit is properly dismissed without prejudice when he fails to do so); *Miller v. Stanmore,* 636 F.2d 986 (5th Cir. 1981) (same).

6

summary judgment be granted.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendant's Motion for Summary Judgment is hereby **GRANTED**.

                                    **AND IT IS SO ORDERED.**


                                    **S/ Patrick Michael Duffy**
                                    **PATRICK MICHAEL DUFFY**
                                    **UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**May 10, 2005**